UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JONATHON MAHON,<br><br>Plaintiff,<br><br>v.<br><br>STONE, WELCH, HERBERT, INDIANA STATE PRISON WARDEN,<br><br>Defendants. | CAUSE NO. 3:26-CV-1559-PPS-AZ |

OPINION AND ORDER

Jonathon Mahon, a prisoner without a lawyer, filed a complaint alleging he was assaulted by three correctional officers and then placed in a housing unit where fellow inmates repeatedly attacked him. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mahon alleges Lt. Stone, Sgt. Welch, and Officer Herbert put him in a solitary cage where they assaulted him while he was wearing handcuffs. He alleges Lt. Stone "punched me in the torso twice, slammed me on my face, and placed his knee painfully into my face." ECF 1 at 3. He alleges Lt. Stone, Sgt. Welch, and Officer Herbert then

"restrained my ankles and connected the handcuffs to the ankle restraints, 'hog tying' me." *Id*. He alleges they dropped him three times while carrying him to the West 1 unit where Lt. Stone slammed him to the ground and put his knee in Mahon's back. Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (cleaned up). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. The allegations in the complaint state a claim against Lt. Stone, Sgt. Welch, and Officer Herbert for an excessive use of force.

Before they put him in the West 1 unit, Mahon alleges he told Stone, Sgt. Welch, and Officer Herbert that "I would be assaulted by inmates I had a conflict with [in that unit, and] I specifically named the inmates I had conflict with." ECF 1 at 2. "Within 48 hours I was assaulted . . . [and] [w]ithin a week . . . I was assaulted again[,] [and][s]ince then[,] I have been assaulted twice more[.]" *Id*. at 3. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). To state a claim, a plaintiff must plausibly allege that "the defendant[] had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010); *see*

*also Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). The allegations in the complaint state a claim against Lt. Stone, Sgt. Welch, and Officer Herbert for failing to protect Manon from attack by fellow inmates.

Mahon seeks both monetary damages and injunctive relief. He alleges, "I believe I am still unsafe on West 1 unit." ECF 1 at 3. The allegations in the complaint state a claim for permanent injunctive relief. Though the Indiana State Prison Warden was not named as a defendant, I will add him because he has both the authority and the responsibility to ensure that Mahon is protected from attack by fellow inmates. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In addition, I will also construe the complaint as a preliminary injunction and order the Warden to respond to it.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

"Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued," because review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (cleaned up). Despite the high hurdles to obtaining a preliminary injunction, the complaint alleges enough to warrant requiring a prompt response from the Warden.

For these reasons, the court:

(1) GRANTS Jonathon Mahon leave to proceed against Lt. Stone, Sgt. Welch, and Officer Herbert in their individual capacities for compensatory and punitive damages for using excessive force against him at the Indiana State Prison on August 17, 2026, in violation of the Eighth Amendment;

(2) GRANTS Jonathon Mahon leave to proceed against Lt. Stone, Sgt. Welch, and Officer Herbert in their individual capacities for compensatory and punitive damages for failing to protect him from attack from fellow inmates in the West 1 unit at the Indiana State Prison in violation of the Eighth Amendment;

(3) DIRECTS the clerk to add the Indiana State Prison Warden as a defendant;

(4) GRANTS Jonathon Mahon leave to proceed against the Indiana State Prison Warden in his official capacity for permanent injunctive relief to protect him from attack by fellow inmates as required by the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lt. Stone, Sgt. Welch, Officer Herbert, and the Indiana State Prison Warden at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(7) DIRECTS the clerk to separately docket the complaint (ECF 1) as a motion for a preliminary injunction;

(8) DIRECTS the clerk to email a copy of this order and the complaint (ECF 1) to the Indiana State Prison Warden at the Indiana State Prison;

(9) ORDERS the Indiana State Prison Warden to acknowledge receipt of that email;

(10) DIRECTS the clerk to note the Indiana State Prison Warden's acknowledgment on the docket;

(11) DIRECTS, under 28 U.S.C. § 1915(d), the United States Marshals Service to **immediately** serve process on the Indiana State Prison Warden by certified mail at the Indiana State Prison;

(12) ORDERS the Indiana State Prison Warden to file and serve a response to the preliminary injunction, as soon as possible but not later than **November 30, 2026** (with supporting documentation and declarations from staff as necessary) describing/explaining how Jonathon Mahon is being protected from attack by fellow inmates;

(13) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(14) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Stone, Sgt. Welch, Officer Herbert, and the Indiana State Prison Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 12, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT